UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIEZER SALCEDO,<br><br>    Petitioner,<br><br>  v.<br><br>F. B. HAWS,<br><br>    Respondent. | No. C 07-5513 MHP (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Eliezer Salcedo, currently incarcerated at the state prison in Lancaster, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the habeas petition, Salcedo was convicted in San Francisco County Superior Court of one count of second degree murder, four counts of attempted murder, one count of discharging a gun at an inhabited dwelling, and one count of being a felon in possession of a firearm. He also was found to have personally discharged a firearm in the murder and attempted murders. On February 4, 2005, he was sentenced to 68 years to life in prison.

Salcedo appealed. The California Court of Appeal affirmed the conviction in 2005, and the California Supreme Court denied the petition for review in 2006. He then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges two claims: First, Salcedo claims his right to due process was violated because the evidence was insufficient to support the convictions for the attempted murders of Pablo Ojeda, Veronica Martinez, and Barbie Sanchez (counts 3, 4, and 5) in that there was insufficient evidence of intent to kill. Second, he claims that the jury instruction on the intent to kill was erroneous and violated his right to due process. Liberally construed, the allegations state cognizable claims for due process violations.

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **May 9, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

1 |     4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 13, 2008**.

    5.    Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: March 7, 2008

                                Marilyn Hall Patel
                                United States District Judge